OPINION
Tarry Miliner was indicted on two counts of murder, in violation of R.C. 2903.02(A) and R.C. 2903.02(B), and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3). The two murder counts carried firearm specifications. The three charges arose out of the shooting death of Keith Watson. Miliner was found guilty of both counts of murder after a trial by jury. Prior to trial, Miliner entered a plea of no contest to having weapons under disability with the agreement of the parties that the trial court would determine from the trial evidence on the murder charges whether Miliner was guilty of that offense. After trial, the court so found. The two murder charges were merged, and Miliner was sentenced to fifteen years to life on the murder charge to be served consecutively with an additional three-year sentence on the firearm specification to be served consecutively with an eight-month sentence imposed on the charge of having weapons under disability.
Miliner appealed and different counsel than his trial counsel was appointed to prosecute his appeal. On September 24, 2001, appointed appellate counsel filed an Anders brief pursuant to Anders v. California (1967), 368 U.S. 738 in which appellate counsel represented to the court that after review of the record he could find no arguably meritorious issues to present to this court on appeal. On September 28, 2001, we filed a decision and entry, a copy of which was furnished to Miliner, in which we advised Miliner that his appointed appellate counsel had filed an Anders brief and of the significance of an Anders brief, and we invited Miliner to file a pro se brief within sixty days of September 28, 2001, advancing any assignments of error that he deemed appropriate. We have received nothing from Miliner in response to our decision and entry of September 28.
In his Anders brief, appointed appellate counsel advanced two possible assignments of error: 1) whether Miliner's convictions were against the manifest weight of the evidence and (2) whether Miliner was deprived of the effective assistance of counsel.
Pursuant to our responsibilities under Anders, we have done a complete review of the record, both to determine whether there is any arguable merit to either of the assignments of error advanced by appellate counsel and to determine whether there are any other arguably meritorious issues apparent from the record.
Upon consideration of the entire record, we are satisfied that there is no arguable merit to either of the suggested assignments of error advanced by appointed appellate counsel.
We do, however, find error in the sentencing of Miliner. We find that the trial court failed to afford Miliner his right of allocution as mandated by Crim.R. 32(A)(1):
 ". . . At the time of imposing sentence the trial court shall do all of the following: (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
The trial court afforded counsel an opportunity to speak, but did not address Miliner personally and inquire if he wished to make a statement in his own behalf or present any information in mitigation of punishment.
Two recent cases have discussed the importance of the trial court's affording a defendant his right of allocution. The syllabus of State v. Campbell (2000), 90 Ohio St.3d 320 provides as follows:
 1. Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
 2. Crim.R. 32(A)(1) applies to capital cases and non capital cases.
 3. In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error.
In State v. Green (2000), 90 Ohio St.3d 352, Justice Pfeifer wrote that "(t)rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution. A Crim.R. 32 inquiry is much more than an empty ritual: it represents the defendant's last opportunity to plead his case or express remorse."
In this case, it is clear that trial counsel for Miliner did not invite the error or waive the error — see Campbell at 324-325, nor was the error harmless. Id. 325-6. While the trial court was obliged to impose a fifteen year to life sentence for murder and a consecutive three-year sentence on the firearm specification, it was not necessarily obliged to make the eight-month sentence for having weapons under disability consecutive. Had he been afforded his right to speak on his own behalf, Miliner may have been able to say something that would have affected the trial court's thinking on the issue of whether the sentence for having weapons under disability should run consecutively or concurrently with the other sentences. It is clear from the transcript that the trial judge had found noteworthy Miliner's theretofore lack of remorse.
As required by Campbell, the sentence in this case will be vacated, and the matter will be remanded to the trial court for resentencing. Upon remand, we would urge the trial court to be more specific in articulating the basis for making the sentence for having weapons under disability consecutive with the other sentences, if, on remand, the trial court should again do so. We believe that the trial court intended to impose consecutive sentences pursuant to R.C. 2929.14(E)(4)(c). Subsection (c) requires the court to find that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Although the trial court alluded to Miliner's criminal record before imposing sentence for murder and the firearm specification, the court did not refer to Miliner's criminal history later, when imposing a consecutive sentence for having weapons under disability.
While we find no arguably meritorious issues for appeal in the proceedings before the trial court prior to sentencing, resentencing is required, and we will remand the matter to the trial court for that purpose.
FAIN, J. and YOUNG, J., concur.